**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION**

| | |
|---|---|
| OSCAR H. BARCENAS, ) | Case No. SACV 16-01311-AS |
| ) | |
| Plaintiff, ) | **MEMORANDUM OPINION AND** |
| ) | |
| v. ) | **ORDER OF REMAND** |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of the ) | |
| Social Security Administration,) | |
| ) | |
| Defendant. ) | |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter be remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On July 14, 2016, Plaintiff filed a Complaint seeking review of the denial of his applications for Disability Insurance Benefits and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Caroyln W. Colvin in this case. See 42 U.S.C. § 205(g).

Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 15-16). On January 10, 2017, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 23-24). The parties filed a Joint Stipulation ("Joint Stip.") on August 29, 2017, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 34).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures in Social Security Appeal," filed August 3, 2016 (Docket Entry No. 13).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On September 6 and 12, 2012, Plaintiff, formerly employed as a graphics printer (see AR 56, 147-55), filed applications for Disability Insurance Benefits and Supplemental Security Income, both alleging a disability since November 10, 2009. (See AR 119-26). On July 15, 2013, the Administrative Law Judge ("ALJ"), Frederick C. Michaud, heard testimony from Plaintiff (represented by counsel) and vocational expert Katie Macy-Powers. (See AR 53-66). On December 19, 2013, the ALJ issued a decision denying Plaintiff's applications. (See AR 15-28). After determining that Plaintiff had severe combination of impairments -- "left knee arthralgia, lumbar and cervical spondylosis, and obesity" (AR 17-19)[2] -- but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments (AR 20), the ALJ found that Plaintiff had the

---

[2] The ALJ determined that Plaintiff's mental impairment of dysthymia is nonsevere. (See AR 17-19).

residual functional capacity ("RFC")[3] to perform a full range of medium work.[4] (AR 20-28). Finding that Plaintiff was capable of performing past relevant work as a printer as generally performed, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 28).

Plaintiff requested that the Appeals Council review the ALJ's Decision. (See AR 42-43). The request was denied on May 20, 2016. (See AR 1-5). The ALJ's Decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to (1) properly consider the opinion of Plaintiff's examining physician, Dr. Berman, and (2) properly determine that Plaintiff could perform the past relevant work. (See Joint Stip. at 4-8, 11-15, 17-19).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error warrants a remand for further

---

[3] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

3

consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second claim of error.

**A. The ALJ Did Not Properly Reject the Opinion of Plaintiff's Examining Physician, Jeffrey A. Berman, M.D.**

Plaintiff asserts that the ALJ failed to provide any reasons, or even specific and legitimate reasons, for rejecting the opinion of Plaintiff's examining physician, Dr. Berman. (See Joint Stip. at 4-8, 10-13). Defendant asserts that the ALJ provided sufficient reasons for rejecting the opinion of Dr. Berman. (See Joint Stip. at 8-11).

An ALJ must take into account all medical opinions of record. 20 C.F.R. §§ 404.1527(b), 416.927(b). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

If a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ can reject the opinion only for "clear and convincing reasons." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Lester v. Chater, 81 F.3d at 830-31. If the treating or examining doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester v. Chater, supra.

On July 20, 2010, Jeffrey A. Berman, M.D. (an orthopaedic surgeon), who initially evaluated Plaintiff in November 2006, prepared a report following an agreed medical reevaluation of Plaintiff. (See AR 262-77).[5] Plaintiff complained of neck pain, left shoulder pain, mid-back pain, lower back pain, lower extremity pain, and sleep issues. (AR 264-65). Plaintiff stated he had difficulty with daily activities such as bathing, dressing, showering and self-hygiene activities. (AR 265). Based on the results of the physical examination (see AR 265-71) and based on the review of Plaintiff's medical records (see AR 271-73), Dr. Berman opined inter alia that Plaintiff's status was permanent and stationary with maximum medical improvement, Plaintiff should avoid heavy lifting and repetitive motion of the neck (because of his cervical spine), Plaintiff should avoid heavy lifting and repetitive bending and stooping (because of his lumbar spine), Plaintiff should avoid heavy work activities and overhead activities (because of his left shoulder), Plaintiff had combined whole person impairments totaling 43 percent, and that Plaintiff cannot return to his previous job. (AR 273-77).

In the Decision, the ALJ does not mention Dr. Berman by name, nor does he mention or discuss Dr. Berman's July 20, 2010 report. Although, as Defendant points out (see Joint Stip. at 9), the ALJ did note "[w]orker's compensation record from 2010-January 2011 reveal that the claimant reported neck pain, back pain, shoulder pain, and knee pain" (AR 21), it is clear that the ALJ did not consider or address Dr. Berman's opinion in the July 20, 2010 report: First, the ALJ's discussion of Plaintiff's 2010-2011 worker's compensation records did

---

[5] It is not clear whether the entire July 20, 2010 report is contained in the administrative record.

5

not mention the complaints that Plaintiff made to Dr. Berman about mid-back pain and sleep issues). Second, the ALJ cited only to Exhibit 10 (see AR 21) in his discussion of Plaintiff's 2010-2011 worker's compensation records, and did not cite to the exhibit where Dr. Berman's July 20, 2010 report is located (see AR 262-77 [Exhibit 9F/16-31]). Finally, the ALJ discussion of Plaintiff's 2007-2008 worker's compensation records also failed to cite to Dr. Berman's July 20, 2010 report. (See AR 21). Since the ALJ did not acknowledge or address Dr. Berman's July 20, 2010 report, the ALJ did not provide any reasons for rejecting Dr. Berman's opinion in that report.[6] Simply put, the ALJ did not provide any reasons, much less "specific and legitimate" reasons or "clear and convincing" reasons, for rejecting Dr. Berman's opinion.

To the extent that the ALJ may have rejected Dr. Berman's opinion because it included Workers' Compensation terms, the ALJ erred in failing to translate Dr. Berman's opinion about Plaintiff's limitations in the Workers' Compensation context into the Social Security context. See Booth v. Barnhart, 181 F.Supp.2d 1099, 1105-06 (C.D. Cal. 2002) ("[T]he ALJ may not disregard a physician's medical opinion simply . . . because it is couched in the terminology used in such proceedings."; "The ALJ must 'translate' terms of art contained in such medical opinions into the corresponding Social Security terminology in order to accurately assess the implications of those opinions for the Social Security disability determination."); Vasquez-Pamplona v. Colvin, 2015

---

[6] The Court will not consider reasons for rejecting Dr. Berman's opinion (see Joint Stip. at 9-11) that were not given by the ALJ in the Decision. See Trevizo v. Berryhill, 862 F.3d 987, 997 (9th Cir. 2017); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

WL 5796994, *4 (C.D. Cal. Sept. 30, 2015)("A Social Security decision must, however, reflect that the ALJ properly considered the pertinent distinctions between the state and federal statutory schemes, and that the ALJ accurately assessed the implications medical findings drawn from a worker's compensation opinion may have for purposes of a Social Security disability determination.")(citing Booth v. Barnhart, 181 F.Supp.2d at 1106); see also Lester v. Chater, 81 F.3d at 830 ("[T]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them.").

**B.  Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly assess the opinion of Dr. Berman, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record

as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[7]

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 31, 2017

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014). Accordingly, the Court declines to rule on Plaintiff's claim regarding the ALJ's error in failing to properly determine that Plaintiff could perform his past relevant work (see Joint Stip. at 11-15, 17-19). Because this matter is being remanded for further consideration, this issue should also be considered on remand.